# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL VAN ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-2253 JMB |
| MISSOURI PAROLE BOARD, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Daniel Van Allen, an inmate at Farmington Correctional Center, for leave to commence this action without prepayment of the filing fee. [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the average monthly deposits or the average monthly balance in the prisoner's account for the prior six-month period, whichever is greater. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal rights to due process. The sole defendant in this action is the Missouri Parole Board.

Plaintiff alleges that his due process rights were violated when the Missouri Parole Board wrongfully denied him parole and disregarded his completion of two prior sex offender treatment programs.

Plaintiff also challenges aspects of the procedure employed during his parole hearings, claiming that the Parole Board did not seem to take into account any of the self-help mechanisms that plaintiff had availed himself of during his incarceration, including a clean disciplinary record, numerous educational programs, technical skills courses, receipt of his GED, etc. In short, plaintiff argues that he was denied parole based on the fact that his crimes involved sex offenses.

For his prayer for relief, plaintiff seeks a declaratory judgment that the defendants violated his federal rights and that the Missouri Parole Board's practices are unconstitutional. He also seeks compensatory and punitive damages.

**Discussion**

Plaintiff has indicated that he is bringing his lawsuit against defendant in its "individual and official capacity." To the extent that plaintiff wishes to sue the members of the Parole Board, individually, the Eighth Circuit Court of Appeals has held that members of a State Parole Board are entitled to absolute immunity when considering and deciding parole questions. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment); *accord Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) (parole board members are absolutely immune from suit when considering and denying parole questions; extending absolute immunity to parole agent where his function was so associated with function of parole board that he was also cloaked in immunity). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1975)).

Additionally, plaintiff lacks a due process right in the possibility of parole in Missouri.[1] Thus, he has no recourse against the Missouri Board of Parole. The right to due process under the Fourteenth Amendment exists only when there is a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself, or from state laws. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the case at bar, plaintiff's claims fail to identify a liberty interest protected by due process. The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the

---

[1]Similarly, to the extent plaintiff is attempting to allege an equal protection claim, his allegations also fail to state a claim upon which relief may be granted. Plaintiff fails to allege a *prima facie* case of an equal protection violation, as he does not plead facts indicating he has been treated differently than other inmates similarly situated.

parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude.

The United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, a Missouri prisoner's allegations challenging the denial of parole do not state a claim under 42 U.S.C. § 1983. *Id.*

Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250–251 (1983). It is therefore self-evident that, because Missouri prisoners have no federally-protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds.

Furthermore, to the extent plaintiff seeks monetary damages, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of his conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." *Id.* at 487. *Heck* applies to decisions concerning parole. *Schafer v. Moore*, 46 F.3d 43 (8th Cir.1995); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("*Heck* applies to proceedings [that] call into question the fact or duration of parole."). In the case at bar, a decision in plaintiff's favor would call into question the decision to deny parole and therefore implicate the length of his incarceration, and plaintiff has not

demonstrated that the decisions establishing the length of incarceration (the parole board's decisions) have been invalidated. Therefore, plaintiff's claims for damages are not cognizable in this § 1983 action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of August, 2017.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE